1951

PEOPLES FEDERAL SAVINGS AND LOAN ASSOCIATION, plaintiff v. Thomas A. DiLUGLIO, Steven A. Cipolla, Chrysler First Eastern Corporation, Sands Ocean Club Homeowners Association, Inc., Defendants, of whom Thomas A. DiLUGLIO and Steven A. Cipolla, Third-Party Plaintiffs/Appellants v. SANDS DEVELOPMENT OF SOUTH CAROLINA, INC., Third-Party Defendant/Respondent.

(427 S.E. (2d) 711)

Court of Appeals

*Fred B. Newby* and *E. Windell McCrackin,* Myrtle Beach, *for appellants.*

*Preston B. Haines, III* and *Kathryn M. Cook,* Myrtle Beach, *for respondent.*

*Luther O. McCutchen, III,* Myrtle Beach, *for defendant Sands Ocean Club Homeowners Ass'n, Inc.*

*J. Stanton Cross, Jr.,* Conway, *for plaintiff Peoples Federal Sav. & Loan Ass'n.*

Heard Dec. 1, 1992.

Decided Feb. 22, 1993.

*Per Curiam:*

This is a foreclosure action instituted by People Federal Savings and Loan Association (Peoples Federal) against the mortgagors, Thomas A. DiLuglio (DiLuglio) and Steven A. Cipolla (Cipolla), who are citizens of Rhode Island. Two condominiums in Myrtle Beach, South Carolina are the subject property of the foreclosure action. DiLuglio and Cipolla filed third-party complaints against Sands Development of South Carolina, Inc. (Sands), alleging that section 34-38-1 of the Code of Laws of Rhode Island, known as the Rhode Island Out-of-State Real Estate Sales and Dispositions Act of 1984, permits rescission of certain sales transactions when the purchasers have not received a prospectus on the property. The Master-in-Equity denied the relief in the third-party actions. We affirm.

The Rhode Island Act requires any person or broker proposing to advertise, offer, or dispose of any subdivision, parcel, unit or interest in Rhode Island to first submit to the Rhode Island Department of Business Regulation a prospectus or statement embodying all terms relative to the offering and disposition. R.I. Gen. Laws § 34-38-6 (1984). If a prospectus is not received by the purchaser more than 72 hours in advance of his signing of a Purchase Contract, the Purchase Contract may be revoked by the purchaser within 72 hours after receipt of a prospectus. *Id.* The Rhode Island statute defines an "offer" for sale as "every advertisement, inducement, solicitation or attempt to bring about a disposition." R.I. Gen. Laws § 34-38-1(2) (1984).

The record reflects that DiLuglio and Cipolla visited Sands and viewed a model of the subject condominiums while on a

golfing trip in Myrtle Beach, South Carolina. For their convenience, sales contracts and other documents pertaining to the unit were mailed to them in Rhode Island. There is also evidence of record that several telephone calls were made between Sands representatives and DiLuglio and Cipolla. At one point during negotiations on the first condominium, a Sands representative offered a five percent reduction in the price of a second condominium contingent on their purchase of the one under negotiation.

The only issue we address in this appeal is DiLuglio and Cipolla's contention that this inducement or offer was accepted in Rhode Island and, therefore, falls within the Rhode Island statute. We disagree. The statute governs persons or brokers "proposing to offer" real estate for sale in Rhode Island. Sands did not propose to offer any units for sale in Rhode Island. It did offer an inducement to purchase a second unit, in connection with the sale of the first unit under negotiation as a result of DiLuglio and Cipolla's trip to South Carolina. We hold that the inducement was part of the sales transaction on the first unit, which took place in South Carolina, and was not a separate offer. Accordingly, we also hold that the Master-in-Equity did not err denying DiLuglio and Cipolla relief on their third-party claims.

On the remaining issues, we affirm and adopt the order of the Master-in-Equity as the decision of this Court, and hold that the remining questions presented by this appeal are manifestly without merit. S.C. Code Ann. § 14-8-250 (Supp. 1992).

Affirmed.